James P. WALSH et al.

v.

UNITED STATES.

No. 146-56.

United States Court of Claims.

March 5, 1958.

Carl L. Shipley, Washington, D. C., for plaintiffs. Samuel Resincoff, New York City, was on the brief.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Sondra K. Slade, Washington, D. C., was on the briefs.

MADDEN, Judge.

The plaintiffs sue to recover the pay of which they were deprived by a reevaluation of their positions as administrative enrollees in the United States Maritime Service, assigned for duty to the United States Merchant Marine Academy at King's Point, New York. They allege that the reevaluation of their positions, reducing their pay, was made according to the provisions and standards of the Classification Act of 1949, 63 Stat. 954, 958, 5 U.S.C.A. §§ 1071, 1101(b), which act is not applicable to their positions, and was made in violation of the provisions of section 216(a) of the Merchant Marine Act of 1936, as amended, 53 Stat. 1182-3, 46 U.S.C.A. § 1126(a).

Section 216(a) of the Merchant Marine Act of 1936 authorizes the United States Maritime Commission

"[T]o establish and maintain [under such rules and regulations as the Maritime Commission may prescribe] the United States Maritime Service as a voluntary organization for the training of citizens of the United States to serve as licensed and unlicensed personnel on American merchant vessels. The Commission is authorized to determine the number of persons to be enrolled in the said Service, to fix the rates of pay of such persons, and to prescribe such courses and periods of training as, in its discretion, is necessary to maintain a trained and efficient merchant marine personnel. The ranks, grades, and ratings for the personnel of the said Service shall be the same as are now or shall hereafter be prescribed for the personnel of the Coast Guard."

The United States Merchant Marine was created by the Merchant Marine Act of 1936, 52 Stat. 965, which provided, among other things, for training crewmen for merchant vessels. At first the Maritime Commission made contracts with shipping companies which were

operating Government ships as managing agents, or with companies subsidized by the Government, to accept trainees as cadet seamen. Later the Commission was authorized by section 216(a) quoted above, to engage directly in training officers and crewmen for merchant ships. Pursuant to this authority, the Commission in 1942 established the United States Merchant Marine Academy at King's Point, New York.

The ranks, grades and ratings of the staff of the Academy were established and had their early development during World War II, and were not reexamined or reevaluated during the succeeding years. In 1953 preliminary investigations by the Maritime Administration, which had succeeded to the functions of the Maritime Commission, indicated that there were serious discrepancies between the work actually performed by the members of the staff of the Academy, and the ranks and ratings held by them. The Administration therefore ordered a survey and reevaluation of the positions in which the staff members were working.

As a result of the survey, higher ranks and ratings were assigned to some 44 positions, and the holders of these positions thereby became entitled to higher ranks and higher pay. The positions of 101 persons were left unchanged, and those of 128 persons were downgraded, the holders of those 128 positions thus receiving reductions in rank and pay. The 91 plaintiffs in this case were among those adversely affected by the reevaluation of their positions.

It appears from the briefs, and from the papers and documents submitted, that the reevaluation of the positions of the plaintiffs was made according to the standards used for classifying civilian Government positions covered by the Classification Act. Those are, no doubt, excellent standards, developed scientifically and through long experience. They may indeed fit the positions to the attached rank and pay better than the standards in use by the Coast Guard. But the Government concedes, contrary to the position of the Civil Service Commission, and in accord with the position of the General Accounting Office and the Maritime Administrator, that the staff of the Merchant Marine Academy are not subject to the Classification Act, but are governed in their employment by section 216(a) of the Merchant Marine Act.

Section 216(a), as we have seen, says:

"The ranks, grades, and ratings for the personnel of the said [United States Maritime] Service shall be the same as are now or shall hereafter be prescribed for the personnel of the Coast Guard."

To be sure, section 216(a) authorizes the Maritime Commission (now the Administration) to fix the rates of pay of the enrollees, and published regulations provide as follows:

"46 C.F.R. 310.59b

"Personnel for administrative or instructor duty with the United States Merchant Marine Cadet Corps may be enrolled in the United States Maritime Service at grades designated by the supervisor with the approval of the assistant deputy administrator."

"46 C.F.R. 310.16

"*Authority of commandant.* In compliance with applicable Federal statutes and subject to the regulations prescribed by the Administration, the commandant is authorized: * * * (d) To establish and regulate the ranks, grades, and ratings of enrollees in the service; * * *"

The Commandant acted under the last quoted regulation in reevaluating the positions. But he caused it to be done according to the standards of the Classification Act, and not, so far as appears, according to the standards of the Coast Guard. If the regulations are interpreted as giving the Commandant the power to disregard the Coast Guard standards, they contradict section 216(a) and are to that extent invalid. And we think that the authority, given to the Commission by section 216(a) itself, to fix the rates of pay of the enrollees, was not intended as an authorization to dis-

regard the immediately following language about the Coast Guard standards.

Unless the status assigned to the positions in the reevaluation happened to coincide with that of comparable positions in the Coast Guard, we think the reevaluation was illegal and that persons who were prejudiced by it may recover. We deny the motions of both parties so that the facts may be put in evidence. We do not now consider the Government's contention that some of the plaintiffs failed to exhaust their administrative remedies. The facts in that regard will also be developed at the trial.

The plaintiffs' and the defendant's motions for summary judgment are denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE and LITTLETON, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.